## Commonwealth ex rel. Robinson v. Myers

*Robert Robinson*, p. p., relator.

*Gordon Gelfond*, Assistant District Attorney, for respondent.

GUERIN, P., February 15, 1963.—In this petition for a writ of habeas corpus, relator averred that he was indicted in the Court of Quarter Sessions of Philadelphia County on bills nos. 546, 547 and 548, February sessions, 1960, charging sodomy, corrupting the morals of a minor and solicitation to commit sodomy. He further avers that he was indicted in said court under bills nos. 547, 548 and 549, November sessions, 1961, but the charges are not stated.

On January 27, 1962, after a jury verdict of guilty, sentence was deferred by the trial judge.

On March 7, 1962, the trial judge sentenced relator to a term of imprisonment of not less than five years nor more than ten years in the Eastern State Correctional Institute on bill no. 546, and to a consecutive term on bill no. 548 (February sessions), of not less than one year nor more than five years in the same institution.

Relator seeks his release upon two grounds, viz.:

(a) His sentence was illegal because it was based upon a misconception of the trial judge as to his prior criminal record; and

(b) He was not guilty of the charges as to which the jury returned a verdict of guilty.

As to (a), it is clear from a reading of the petition and from an examination of the record that there is absolutely no factual basis to support the averments of the petition. Even if such basis existed, it would not warrant the granting of the petition. The sentences imposed were within the limits prescribed by law and were entirely within the discretion of the trial judge. We have been unable to find any abuse of discretion in the imposition of the sentences.

As to (b), this would properly be a reason for a motion for a new trial. Countless appellate authorities have held that a petition for a writ of habeas corpus may not be employed as a substitute for a motion for a new trial.

For these reasons, we dismissed the petition and refused the writ.